IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERALD DUMAGUIT,

    Plaintiff,

  v.

JOHN E. POTTER,

    Defendant.
                                    /

No. C 06-02042 JSW

**ORDER RE DISCOVERY DISPUTE**

        The Court has received the parties joint letter brief dated July 25, 2007, in which Plaintiff requests that Defendant produce deposition testimony of and expert reports prepared by his designated expert, Bernard Rappaport, M.D., in employment discrimination cases in which Dr. Rappaport has acted as an expert, from the year 2000 to the present.

        Having considered the parties' positions, relevant legal authority, and the record in this case, it is HEREBY ORDERED that:

        1.    The parties shall submit a further joint letter brief by August 9, 2007, not to exceed two pages, setting forth their respective positions on the time period covered by Plaintiff's request. The Court notes that based on Defendant's motion for summary judgment, it appears that Plaintiff was placed on leave in the year 2000. Thus, pending a further showing as to why Plaintiff would not be entitled to Dr. Rappaport's deposition testimony and expert reports from that date onward, the Court is tentatively inclined to grant Plaintiff's request as to the requisite time period.

        2.    With respect to any expert reports or deposition testimony that have been made a part of the public record, the Court finds that these materials are equally available to Plaintiff

1 and that Defendant and Dr. Rappaport should not bear the burden of producing those materials.
2 A list of Dr. Rappaport's cases from April 2003-April 2007 has been attached as an exhibit to
3 the parties' joint letter brief. It is unclear, however, whether Dr. Rappaport's expert report or
4 deposition testimony are a part of the public record. Accordingly, Defendant shall identify
5 those employment discrimination cases identified that exhibit, for which Dr. Rappaport's expert
6 report or deposition testimony, or both, was made a part of the public record. The Court
7 reserves ruling on whether Defendant shall be required to produce a similar list for the year
8 2000 through April 2003, pending its consideration of the parties' supplemental letter brief
9 required by paragraph 1 of this Order.

10       3.     The Court is further inclined to grant Plaintiff's request for those reports or
11 deposition testimony that have not been made part of the public record, subject to the
12 Defendant's offer that these reports would be redacted. The Court is also inclined to grant Dr.
13 Rappaport some reasonable compensation for the costs associated with redaction, but will not
14 grant him his normal hourly rate. Accordingly, the parties shall meet and confer and attempt to
15 come to an agreement upon a reasonable amount of compensation, either to Dr. Rappaport or to
16 his designated agent, taking into consideration any privacy interests involved. If the parties
17 cannot agree on an appropriate compensation amount, the parties may set forth their respective
18 positions in their joint supplemental letter brief required by paragraph 1 of this Order.

19     **IT IS SO ORDERED.**

21 Dated: August 2, 2007

                                        JEFFREY S. WHITE
                                        UNITED STATES DISTRICT JUDGE