SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ANDREW Y.S. CHENG (CSBN 164613)
Assistant United States Attorney

    450 Golden Gate Avenue, P.O. Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6813
    Facsimile:   (415) 436-6748
    Email:       andrew.cheng@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERALD DUMAGUIT,<br>               Plaintiff,<br>   v.<br>JOHN POTTER, Postmaster General;<br>              Defendant. | Case No. C06-2042 JSW<br>**E-FILING CASE**<br><br>**STIPULATION AND [PROPOSED]**<br>**PROTECTIVE ORDER RE**<br>**CONFIDENTIALITY** |

      Subject to the approval of this Court, plaintiff GERALD DUMAGUIT, his attorneys of record – Mary Dryovage and Wendy Musell, and defendant JOHN POTTER, Postmaster General, by and through their undersigned counsel, hereby stipulate to the following protective order:

      The parties agree that entry of the following protective order is necessary in order to: (1) Protect Dr. Bernard Rappaport, M.D. against any potential third-party claim for invasion of privacy or claim of unauthorized disclosure of confidential information, if any; (2) Avoid any potential violation of the Privacy Act as codified at 5 U.S.C. §522a, if any; (3) Otherwise safeguard the documents that have been ordered produced by this Court.  The parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

///

## **STIPULATED ORDER**

All documents obtained from defendant in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including all documents produced by expert witness – Dr. Bernard Rappaport, M.D., initial disclosure requirements, that are contained within any EEO file, medical file, injury compensation file, or any personnel file of any person other than the plaintiff (the "Documents") shall be subject to the following restrictions:

1.  The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose, including any other litigation;

2.  Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorney employed by plaintiff and the attorney's staff; (b) the parties and their experts; (c) the Court and the jury in further proceedings herein; (d) other persons whom the parties mutually agree upon in writing;

3.  There shall be no reproduction of the Documents, except that, as required by the litigation, including such use at trial, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4.  Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the plaintiff's attorney of record during the pendency of the litigation;

5.  Upon final determination of this litigation, all of the Documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel or shredded; and

6.  This Stipulation and Protective Order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

///
///
///

7. If the parties mutually agree to disclose the information to other parties, these additional parties shall be required to sign the protective order as well.

**IT IS SO STIPULATED.**

                                SCOTT N. SCHOOLS
                                United States Attorney

August 24, 2007                     /s/
                                ANDREW Y.S. CHENG
                                Assistant United States Attorney
                                *Attorneys for Defendant*

August 24, 2007                     /s/
                                MICHELLE REGALIA MCGRATH
                                United States Postal Service
                                *Attorneys for Defendant*

August 24, 2007                     /s/
                                MARY DRYOVAGE
                                *Attorneys for Plaintiff*

August 24, 2007                     /s/
                                WENDY MUSELL
                                *Attorneys for Plaintiff*

August 24, 2007                     /s/
                                GERALD DUMAGUIT

If the parties believe that any such documents should be filed under seal, they shall comply with the requirements **APPROVED AND SO ORDERED.** of Northern District Local Rule 79-5.

DATED: August 27, 2007                */s/ Jeffrey S. White*
                                JEFFREY S. WHITE
                                United States District Judge