IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERALD DUMAGUIT,

    Plaintiff,

v.

JOHN E. POTTER,

    Defendant.
_____/

No. C 06-02042 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 12, 2007, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS IN PART Defendant's motion, and GRANTS IN PART Plaintiff's motion.**

**Specifically, the Court tentatively grants Defendant's motion as to Plaintiff's whistleblower claim. As to Plaintiff's motion, the Court grants the motion with respect to the affirmative defenses based on the lack of opposition by Defendant.**

1. Defendant has submitted evidentiary objections to Plaintiff's exhibits.

    a. With respect to the objections raised at 3:25-4:4, are those objections pertaining to exhibits submitted with the Dumaguit declaration?

    b. Is the Court correct that, with the exception of Exhibit Y to the Droyage declaration, the only basis for the Defendant's objections to the exhibits is that Ms. Droyage cannot authenticate the exhibits? If not, why should the Court not consider any other objections to those exhibits waived?

    c. A number of exhibits submitted by Plaintiff are stamped with Bates numbers with a "USA" prefix. Are those documents that have been produced by Defendant either in this litigation or in the *Siam* litigation? Does Defendant truly object to the authenticity of exhibits bearing this prefix, for example Dumaguit Declaration Exhibit E2, which refers to the EEO restructuring plan?

2. Is Plaintiff asserting a hostile work environment claim? *See* Complaint ¶¶ 45-46; Opp. Br. at 2-3, 12. If so, does Defendant contend its motion addresses that claim? If so, where can the Court find argument on that point?

3. How does the argument at page 13 of Plaintiff's opposition, about the allegedly hostile work environment, relate to the elements of Plaintiff's disparate treatment claim?

4. What are the alleged adverse actions Plaintiff contends support his retaliation and disparate treatment claims?

    a. At page 13, footnote 2, of his motion Plaintiff contends that Defendant uses the wrong test when he argues Plaintiff cannot establish a prima facie case of discrimination because Plaintiff cannot show similarly situated individuals were treated differently? On what authority does Plaintiff rely to suggest that this is the wrong test for a disparate treatment claim?

5.  With respect to his claim of disability discrimination, is the Court correct in its assumption that the "reasonable accommodation" Plaintiff requested was a work assignment at the USPS where he would not be in contact with certain individuals?

    a.  Does Plaintiff also contend that Defendant should have provided him with an indefinite leave of absence, as Defendant contends at page 9 of his motion?

6.  Does Defendant agree that depression can be a disability, and is the Court correct that Defendant contends Plaintiff is not disabled because his depression did not "substantially limit" his ability to work?

    a.  If so, how does Plaintiff respond to this argument?

    b.  What is Defendant's response to Plaintiff's assertion that Defendant did not process Plaintiff's request for disability retirement?

7.  How does the argument at pages 1-4 of Plaintiff's Reply Brief in support of his motion for summary adjudication, which addresses the issue of his disability, pertain to his prima facie case of racial and national origin discrimination?

8.  What is Plaintiff's response to Defendant's argument that the United States Postal Service is excluded from the definition of "agency," by virtue of the definition of "independent establishment" in 5 U.S.C. § 104?

9.  Are there any other issues the parties wish to address?

Dated: October 11, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3