JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ANDREW Y.S. CHENG (CSBN 164613)
Assistant United States Attorney

    450 Golden Gate Avenue, P.O. Box 36055
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6813
    Facsimile:    (415) 436-6748
    Email:           andrew.cheng@usdoj.gov

Attorneys for Federal Defendant

MARY DRYOVAGE, (CA SBN 112551)
Law Offices of Mary Dryovage
    600 Harrison Street, Suite 120,
    San Francisco, CA 94107
    Telephone: 415 593-0095
    Fax. 415 593-0096
    Email: mdryovage@igc.org

WENDY MUSELL (CA SBN 203507)
Stewart & Musell
    600 Harrison Street, Suite 120
    San Francisco, CA 94107
    Telephone: 415/593-0083
    Fax: 415/520-0920,
    Email: wmusell@stewartandmusell.com

Attorneys for Plaintiff
GERALD DUMAGUIT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| GERALD DUMAGUIT,<br>                Plaintiff,<br>v.<br>JOHN POTTER, Postmaster General;<br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C06-2042 JSW<br>**E-FILING CASE**<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT,

1

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Gerald Dumaguit ("Plaintiff"), his attorneys, and defendant John Potter (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. The Federal Defendant agrees to pay the sum of One Hundred and Seventy Five Thousand and no cents ($175,000.00) to Plaintiff under the terms and conditions set forth herein within sixty days of execution of the agreement. The Plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept such sum in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

3. It is also agreed, by and among the parties, that the settlement sum set forth in paragraph 2, shall be made payable to Plaintiff's counsel, Mary Dryovage, Esq., Wendy Musell, Esq. and Gerald Dumaguit. The check will be mailed to Plaintiff's attorney at the following address: Mary Dryovage, Esq., Law Offices of Mary Dryovage, 600 Harrison Street, Suite 120, San Francisco, CA 94107.

4. It is also agreed by and among the parties that neither Plaintiff nor any of his attorneys may make any additional claim for attorney's fees or other costs against the Federal Defendant, the United States, their agents, servants, or employees.

5. In consideration of the payment referred to in Paragraph 2, Plaintiff agrees that immediately upon execution of this agreement, he execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Gerald Dumaguit v. Potter*, C 06-2042 JSW. The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the settlement amount and receipt of the corrected Official Personnel File including Plaintiff's SF-50 form, for Gerald Dumaguit.

6. Plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all Title VII, all Rehabilitation Act, or any other claim Plaintiff could have asserted regarding the events of this lawsuit.

7. Plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the events at issue to prove any other claims against the Federal Defendant in any other lawsuit.

8. Plaintiff will apply for regular CSRS retirement that will be effective on or about February 1, 2009. USPS will submit all necessary information to OPM to effect the retirement. Such retirement application will be accepted and processed as soon as possible by USPS. The Postal Service has calculated Plaintiff's annuity based on the OPM formula using the information in Postal Service records concerning his length of service and the average of his three years of highest salary, and that calculation is $37,173. OPM makes the final determination with respect to retirement eligibility and the amount of the annuity. If plaintiff's annual annuity amount is determined by OPM to exceed $37,173, plaintiff will be entitled to that increased annual retirement annuity amount. If the annual annuity amount approved by OPM is less than $37,173, the parties agree that plaintiff may elect to rescind this Agreement, and such rescission will not be deemed a breach of this Agreement. If Plaintiff elects to rescind this agreement, it is further agreed that the settlement amount of $175,000 would be remitted by Plaintiff to the USPS within 30 days of the rescission. Plaintiff's entitlement to receive health care benefits will be determined by OPM. The USPS will not oppose any argument raised by plaintiff that the five-year requirement for benefits should be waived and will not oppose any application or request for health care benefits made by plaintiff on any other basis.

9. Plaintiff will not be precluded from future employment with the United States Government.

10. The Federal Defendant agrees that it will remove any reference to plaintiff's separation from employment from Plaintiff's SF-50 form and from plaintiff's official personnel file and will provide a copy of the corrected Official Personnel File of Gerald Dumaguit within 45 days of the Agreement Effective Date to the Law Office of Mary Dryovage.

11. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The Plaintiff understands that if the facts concerning the Plaintiff's injury and the liability of the Federal Defendant, or the Federal Defendant's agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

12. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or his agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

13. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

14. If any withholding or income tax liability is imposed upon plaintiffs based on

payment of the settlement sum as set forth in Paragraph 2, plaintiff shall be solely responsible for paying any such liability. The Federal Defendant will not withhold any taxes of any kind. The determination of plaintiff's tax liability, if any, is a matter solely between plaintiff, his attorneys, the IRS and/or state and local tax authorities.

15. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

16. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

17. Notwithstanding any other provision of this Agreement, nothing in this agreement shall have any adverse effect upon plaintiff's right and ability to collect retirement benefits and medical benefits. Plaintiff does not waive his rights to collect retirement benefits at least at the amounts set forth in paragraph 8, or to obtain ongoing health care benefits, as set forth in paragraph 8.

18. Except as it relates to the consideration to plaintiff as set forth in this agreement of $175,000, annual retirement annuity, as set forth in paragraph 10, health care benefits, and rescission of plaintiff's termination of employment, if any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20.     This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: 6/17/2008

GERALD DUMAGUIT
Plaintiff

Dated: 6/17/08

By: 
WENDY MUSELL
Attorney for Plaintiff

Dated: 6/17/08

By: 
MARY DRYOVAGE
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:_____

By:_____
ANDREW Y.S. CHENG
JENNIFER S WANG
Assistant United States Attorneys
Attorneys for the Federal Defendant

Dated:_____

By:_____
JOSEPH BRUCE
United States Postal Service

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated:_____

_____
HON. JEFFREY WHITE
United States District Judge

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated:_____

GERALD DUMAGUIT
Plaintiff

Dated:_____

By:_____
WENDY MUSELL
Attorney for Plaintiff

Dated:_____

By:_____
MARY DRYOVAGE
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 6/13/2008

By: *(signature)* Andrew Y.S. Cheng
ANDREW Y.S. CHENG
JENNIFER S WANG
Assistant United States Attorneys
Attorneys for the Federal Defendant

Dated:_____

By:_____
JOSEPH BRUCE
United States Postal Service

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated:_____

HON. JEFFREY WHITE
United States District Judge

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20.     This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated:_____                        _____
                                         GERALD DUMAGUIT
                                         Plaintiff


Dated:_____                        By:_____
                                         WENDY MUSELL
                                         Attorney for Plaintiff

Dated:_____                        By:_____
                                         MARY DRYOVAGE
                                         Attorney for Plaintiff

                                         JOSEPH P. RUSSONIELLO
                                         United States Attorney

Dated:_____                        By:_____
                                         ANDREW Y.S. CHENG
                                         JENNIFER S WANG
                                         Assistant United States Attorneys
                                         Attorneys for the Federal Defendant

Dated: 6/16/08                           By: /s/ Joseph M Bruce
                                         JOSEPH BRUCE
                                         United States Postal Service

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: June 17, 2008                     /s/ Jeffrey S White
                                         HON. JEFFREY WHITE
                                         United States District Judge